*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

THELMA MELTON,

          Plaintiff,

v

ISSA ZIADEH and ANTOWAN ZYADA,

          Defendants,

and

CITIZENS INSURANCE COMPANY OF THE MIDWEST,

          Defendant/Third-Party Plaintiff-Appellant,

and

PROGRESSIVE MICHIGAN INSURANCE COMPANY,

          Third-Party Defendant-Appellee.

UNPUBLISHED
August 11, 2026
9:40 AM

No. 375100
Oakland Circuit Court
LC No. 2024-205778-NI

Before: ACKERMAN, P.J., and BAZZI and LIEVENSE, JJ.

PER CURIAM.

In this priority dispute between insurers, defendant/third-party plaintiff Citizens Insurance Company of the Midwest (Citizens) appeals from the trial court's order dismissing its complaint against third-party defendant Progressive Michigan Insurance Company (Progressive). We affirm.

## I. FACTS

This case involves a dispute between Citizens and Progressive over which insurer has priority to pay plaintiff Thelma Melton's claim for personal protection insurance (PIP) benefits.

-1-

At all relevant times, Melton lived with her partner, Bossie Baker, but they were not married. In 2020, Baker applied for an automobile insurance policy with Progressive; Melton said that she did not fill out the application. The application listed Baker as the named insured and stated that Baker and Melton were married.

On March 17, 2023, Melton was driving a vehicle covered under Baker's policy. When she entered an intersection after the light turned green, a vehicle driven by defendant Issa Ziadeh tried to make a left turn and struck Melton's vehicle. Melton spent five days in the hospital after the accident. On March 31, 2023, Progressive denied Melton's claim for PIP benefits under Baker's policy, concluding that it was not in the order of priority to pay because she "was not a named insured nor . . . a resident-relative of" Baker. Progressive updated the declarations page on April 11, 2023, changing Baker's and Melton's marital status to single. Melton was listed as not eligible for PIP benefits, and the policy premium was reduced by $17.55. These changes were said to be effective March 18, 2023. In January 2024, Melton filed a PIP claim through the Michigan Assigned Claims Plan (MACP), which assigned the claim to Citizens.

Melton later sued Citizens, alleging that it wrongfully refused to pay PIP benefits for her injuries.[1] The trial court allowed Citizens to file a third-party complaint against Progressive. Citizens claimed reimbursement from Progressive under MCL 500.3175 for any benefits Citizens paid to Melton. Citizens also requested declaratory relief that Progressive was responsible for paying Melton's claim and was equitably estopped from denying her coverage.

During discovery, the central focus was on what representations Progressive had made that might have induced Melton to think she was covered under the policy. At the time of the accident, the declarations page for Baker's insurance policy with Progressive listed him as the named insured. Melton was listed under "[d]rivers and resident relatives" and was shown as "Eligible for PIP Medical Expense Coverage[.]"[2] Under the policy, Progressive agreed to pay PIP benefits "for accidental bodily injury to an eligible injured person . . . ." The policy defined an eligible injured person as "you or any relative who sustains accidental bodily injury in an accident involving a motor vehicle; and . . . any other person who meets the statutory requirements of the Michigan No-Fault Act . . . ." The policy defined "you" as "a person shown as a named insured on the declarations page; and . . . the spouse of a named insured if residing in the same household at the time of the loss." A relative was defined as "a person residing in the same household as you, and related to you by blood, marriage, or adoption . . . ."

According to Melton, if she had known Progressive would deny coverage, she would have purchased her own policy. In her deposition, Melton initially did not remember whether she was covered under Baker's policy, then said it had been her understanding that she would have coverage under Baker's policy if she were involved in an accident. Melton did not know why she expected to be covered or what specific coverage she had. She did not see that she was listed on

---

[1] Plaintiff also filed negligence actions against Ziadeh and Antowan Zyada, the owner of the vehicle that Ziadeh was driving, seeking noneconomic damages under MCL 500.3135(1). The parties later stipulated to dismiss Ziadeh and Zyada, and they are not parties to this appeal.

[2] The certificate of insurance also listed Baker and Melton as named insureds.

-2-

the declarations page and was not aware that Baker had listed her as his spouse. Finally, Melton never communicated with any Progressive employee regarding Baker's policy.

Progressive moved for summary disposition of Citizens's claim under MCR 2.116(C)(10). Progressive argued it was not in the order of priority to pay Melton PIP benefits because she was not covered as a named insured or resident relative under Baker's policy. Citizens also moved for summary disposition under MCR 2.116(C)(10). It argued Baker's policy applied to Melton based on equitable estoppel. In Citizens's view, Progressive represented that Melton was eligible for PIP benefits by listing her as eligible on the declarations page and accepting a higher premium to provide Melton with coverage. Melton allegedly relied on Progressive's representations by not obtaining her own insurance. Progressive responded and argued equitable estoppel did not apply because it never represented any facts regarding Melton's coverage to her. Melton also admitted she did not know what coverage she allegedly had under Baker's policy, so she could not have relied on any representation.

On February 27, 2025, the trial court granted Progressive summary disposition, dismissed it from this matter, and denied Citizens summary disposition.[3] The trial court determined that Melton was not a named insured or a resident relative of Baker, so she was not eligible to claim PIP benefits from Progressive. Citizens moved for reconsideration on March 12, 2025, arguing that the trial court palpably erred by not addressing Citizens's equitable estoppel argument. The parties failed to appear for trial on March 17, 2025. Because the parties failed to appear, the trial court dismissed this matter without prejudice and without addressing Citizens's motion for reconsideration. Citizens moved to reinstate this matter, alleging it reached a settlement agreement with Melton before the scheduled trial date. However, Citizens argued it could still seek reimbursement from Progressive, so the trial court should have ruled on the motion for reconsideration. The trial court denied Citizens's motion to reinstate, stating: "The Court declines to re-open this case and rule on the Motion for Reconsideration, which was filed six days prior to the trial date, on which Defendant Citizens failed to appear. This matter has resolved due to the [p]arties' own statements." Citizens now appeals.

## II. JURISDICTION

As an initial matter, Progressive challenges this Court's jurisdiction over Citizens's appeal of right. This Court has jurisdiction on an appeal of right from "[a] final judgment or final order of the circuit court . . . as defined in MCR 7.202(6)." MCR 7.203(A)(1). Citizens invokes our jurisdiction to review "the first judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties," MCR 7.202(6)(a)(i), and asks that we review the trial court's February 27, 2025 order granting summary disposition to Progressive and its April 2, 2025 order denying Citizens's motion to reinstate the case. Progressive contends that, because the trial court dismissed the case without prejudice, the rights and liabilities of all the parties were not "adjudicated."

In making its argument, Progressive relies on *Yeo v State Farm Fire & Cas Ins Co*, 242 Mich App 483; 618 NW2d 916 (2000). It is true that in that case, this Court remarked that "[a]

---

[3] The trial court indicated the order was not final.

dismissal without prejudice is not an adjudication on the merits." *Id*. at 484. But that remark came in the context of deciding the applicability of the tolling statute, MCL 600.5856; we held the dismissal without prejudice was not an adjudication on the merits, so "the tolling statute applies." *Id*.

In the context of this Court's jurisdiction, we have held that a dismissal without prejudice constitutes a final judgment within the meaning of MCR 7.202(6)(a)(i) so long as "there was nothing left for the trial court to decide." See *Attorney General v Blue Cross Blue Shield of Mich*, 291 Mich App 64, 75-76; 810 NW2d 603 (2010). We have also said that a trial court order denying a motion to reinstate a case under MCR 2.502(C) is a final order. *Wickings v Arctic Enterprises, Inc*, 244 Mich App 125, 137; 624 NW2d 197 (2000). The trial court's March 17 and April 2 orders were, therefore, "final orders" from which Citizens could claim an appeal of right. And "[w]here a party has claimed an appeal from a final order, the party is free to raise on appeal issues related to other orders in the case." *Bonner v Chicago Title Ins Co*, 194 Mich App 462, 472; 487 NW2d 807 (1992). Citizens's appeal from the final orders gives us jurisdiction over the February 27 grant of summary disposition to Progressive. We have jurisdiction over this appeal.

## III. THE PRIORITY DISPUTE

Citizens argues that Melton was eligible to recover PIP benefits under Baker's policy with Progressive. Citizens also asserts that, even if Melton was not eligible, Progressive should be equitably estopped from denying her PIP benefits. We disagree.

## A. STANDARD OF REVIEW

This Court reviews a trial court's grant of summary disposition de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Progressive's motion for summary disposition was brought under MCR 2.116(C)(10), which tests the factual sufficiency of the complaint. *Id*. at 120. "All well-pleaded allegations are viewed in the light most favorable to the nonmoving party unless documentary evidence is provided that contradicts them." *Haksluoto v Mt Clemens Regional Med Ctr*, 500 Mich 304, 309; 901 NW2d 577 (2017). If the movant meets the initial burden of supporting their position by documentary evidence, the burden shifts to the nonmovant to establish a genuine issue of material fact. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996).

"Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law." *Maiden*, 461 Mich at 120 (citations omitted). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). Finally, this Court reviews issues of statutory interpretation de novo. *Gleason v Kincaid*, 323 Mich App 308, 317; 917 NW2d 685 (2018).

## B. DISCUSSION

The trial court properly granted Progressive summary disposition because Melton was not eligible for PIP benefits under Baker's policy and Progressive was not estopped from denying Melton coverage.

Under MCL 500.3114(1), "a personal protection insurance policy . . . applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident." If an occupant of a motor vehicle is injured in an accident but is not covered under an insurance policy, that person "shall claim [PIP] benefits under the [MACP] . . . ." MCL 500.3114(4). Similarly, under MCL 500.3172(1)(a), an injured person may claim PIP benefits through the MACP if, as relevant here, "[n]o personal protection insurance is applicable to the injury." The MACP assigned Melton's claim to Citizens, which filed this third-party action against Progressive for reimbursement of the claim, as authorized under MCL 500.3175(2).[4]

The trial court did not err by granting Progressive summary disposition because Melton was neither statutorily nor contractually eligible for PIP benefits. This Court effectuates the Legislature's intent by interpreting statutes according to the plain meaning of the statutory language. *Home-Owners Ins Co v Perkins*, 328 Mich App 570, 579-580; 939 NW2d 705 (2019). "If the language of a statute is clear and unambiguous, the statute must be enforced as written and no further judicial construction is permitted." *Id*. at 580 (cleaned up). Under MCL 500.3114(1), an insurance policy applies to "the person named in the policy, the person's spouse, and a relative of either domiciled in the same household . . . ." As this Court held, "the person named in the policy under MCL 500.3114(1) is synonymous with the named insured, and persons designated merely as drivers under a policy . . . are neither named insureds nor persons named in the policy." *Stone v Auto-Owners Ins Co*, 307 Mich App 169, 175; 858 NW2d 765 (2014) (citations omitted). The declarations page listed Melton as an additional driver, not a named insured, so she was not a person named in the policy. Further, Melton was not Baker's spouse or relative. It is undisputed that Baker and Melton were not married. Baker's policy did not apply to Melton under any of the categories in MCL 500.3114(1), and Progressive was not responsible for her claim under that statute.

Melton was also not eligible for PIP benefits under the language in Baker's policy. "[A] no-fault insurance policy may provide broader coverage than that mandated by the no-fault act[] . . . ." *Mapp v Progressive Ins Co*, 346 Mich App 575, 594; 13 NW3d 643 (2023). This Court interprets an insurance policy according to its plain, ordinary meaning, and unambiguous provisions are construed and applied as written. *Royal Prop Group, LLC v Prime Ins Syndicate, LLC*, 267 Mich App 708, 715; 706 NW2d 426 (2005). Under Baker's policy, Progressive agreed to pay PIP benefits for eligible injured persons, defined to include "you"—"a person shown as a named insured on the declarations page"—or a spouse or other relative of a named insured residing in the same household. In other words, Melton's eligibility under Baker's policy is exactly the same as her eligibility under MCL 500.3114(1). As stated, Melton was not listed as a named insured on the declarations page and was not Baker's spouse or relative. Although the declarations page listed Melton as eligible for PIP benefits, the policy did not define her as an eligible injured

---

[4] Because Citizens, in its third-party complaint, requested reimbursement of any benefits it paid to Melton, Progressive's argument that the request for reimbursement is unpreserved lacks merit.

person.[5]  Because Baker's policy did not apply to Melton and no other insurance policy applied, she was required to claim PIP benefits through the MACP under MCL 500.3114(4).  The trial court properly ruled that Citizens, as the MACP's assigned insurer, had priority to pay Melton's claim.

Citizens also argues that Progressive should be estopped from denying PIP benefits because Progressive listed Melton as eligible for PIP benefits and charged a premium for providing Melton with coverage.  This argument lacks merit.  "The principle of estoppel is an equitable defense that prevents one party to a contract from enforcing a specific provision contained in the contract."  *21st Century Premier Ins Co v Zufelt*, 315 Mich App 437, 447; 889 NW2d 759 (2016) (cleaned up).  "Equitable estoppel may arise where (1) a party[] . . . intentionally or negligently induces another party to believe facts, (2) the other party justifiably relies and acts on that belief, and (3) the other party is prejudiced if the first party is allowed to deny the existence of those facts."  *Id*. (cleaned up).

Equitable estoppel does not apply here because Progressive never represented to Melton that she was covered under Baker's policy.  Progressive initially listed Melton as eligible for PIP benefits on the declarations page, then updated the declarations page to list Melton as not eligible and reduced the premium.  As Citizens emphasizes, "[a]n insurance company which has received the premium of the insured under circumstances leading the insured to believe he is receiving . . . a valid contract of insurance is estopped from afterward repudiating the contract."  *Rorick v State Mut Rodded Fire Ins Co of Mich*, 263 Mich 169, 172; 248 NW 584 (1933) (cleaned up).  But that principle does not apply, because Progressive's representations regarding coverage were not made to Melton.  There was also no evidence that Melton saw the declarations page or any part of Baker's policy.  Baker, not Melton, paid the premium, and Melton never communicated with Progressive about the policy.  Because Melton had no knowledge of the policy, there was also no evidence of justifiable reliance.  Melton claimed that she expected to be covered under Baker's policy and would have purchased her own policy if she had known she was not covered.  Yet she identified no reason for this expectation.  Citizens's claim of equitable estoppel is, therefore, meritless because the record does not show that Progressive induced Melton to believe she had coverage.  The trial court properly granted Progressive summary disposition and ruled that Citizens had priority to pay Melton's claim.

## IV.  RECONSIDERATION

Citizens next argues that the trial court erroneously declined to rule on Citizens's motion for reconsideration and denied its motion to reinstate this matter.  Although we agree the trial court abused its discretion in failing to resolve Citizens's motion for reconsideration, we affirm the trial court's order of dismissal because its error was harmless.

---

[5] As Citizens notes, the certificate of insurance listed Melton as a named insured.  Under this Court's caselaw and Baker's policy, however, a certificate of insurance is not part of an insurance contract.  *Royal Prop Group*, 267 Mich App at 715 ("The policy application, declarations page of policy, and the policy itself construed together constitute the contract.").

## A. STANDARD OF REVIEW

This Court reviews a trial court's decision regarding a motion for reconsideration for an abuse of discretion. *Farm Bureau Ins Co v TNT Equip, Inc*, 328 Mich App 667, 672; 939 NW2d 738 (2019). A trial court's decision on a motion to reinstate an action is also reviewed for an abuse of discretion. *Kidder v Ptacin*, 284 Mich App 166, 170; 771 NW2d 806 (2009). "An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes, or when the trial court makes an error of law." *VHS of Mich, Inc v State Farm Mut Auto Ins Co*, 337 Mich App 360, 372-373; 976 NW2d 109 (2021). "[F]ailure to exercise discretion when called on to do so" is also an abuse of discretion. *Hein v Hein*, 337 Mich App 109, 116; 972 NW2d 337 (2021) (cleaned up).

## B. DISCUSSION

According to Citizens, the trial court erroneously declined to rule on its motion for reconsideration and denied its motion to reinstate premised on the same failure to address the motion for reconsideration. A party moving for reconsideration "must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error." MCR 2.119(F)(3). A party must move for reconsideration within 21 days after entry of the order being challenged. MCR 2.119(F)(1). Further, MCR 2.502(C) authorizes a trial court, "[o]n motion for good cause," to "reinstate an action dismissed for lack of progress on terms the court deems just."

The trial court abused its discretion by dismissing this matter without ruling on Citizens's motion for reconsideration, then denying Citizens's motion to reinstate in pursuit of an answer to its motion for reconsideration. Although a trial court has inherent authority to control its docket, *Baynesan v Wayne State Univ*, 316 Mich App 643, 651; 894 NW2d 102 (2016), this Court favors disposition of litigation on the merits. *Vicencio v Ramirez*, 211 Mich App 501, 507; 536 NW2d 280 (1995). Further, "[f]ailure to exercise discretion when called on to do so" is an abuse of discretion. *Hein*, 337 Mich App at 116 (cleaned up). In denying Citizens's motion to reinstate, the trial court declined to rule on the previous motion for reconsideration because the motion was filed shortly before the scheduled trial date. Yet Citizens's motion for reconsideration was timely because it was filed on March 12, 2025, within 21 days of the trial court's February 27, 2025 order granting Progressive summary disposition. See MCR 2.119(F)(1). The trial court also determined that this matter settled before the trial date. Citizens claimed to have reached a settlement agreement with Melton. However, Citizens never settled its third-party claim against Progressive. The trial court dismissed Progressive by granting Progressive summary disposition, the exact decision that Citizens moved the court to reconsider. The trial court erred by refusing to exercise discretion at Citizens's request and rule on its motion for reconsideration.

Although the trial court abused its discretion, the error was harmless, and Citizens is not entitled to a reversal and remand. "[T]his Court need not reverse or vacate a trial court's order unless doing so appears to this Court to be inconsistent with substantial justice." *Ellison v Dep't of State*, 320 Mich App 169, 179; 906 NW2d 221 (2017), citing MCR 2.613(A). A trial court's error is harmless "if it is not decisive to the case's outcome." *Ellison*, 320 Mich App at 179. Citizens's motion for reconsideration was based entirely on the trial court's failure to address Citizens's equitable estoppel claim when it granted Progressive summary disposition. As stated,

that equitable estoppel argument was meritless, because Progressive never induced Melton to believe she was covered under Baker's policy. Melton also did not rely on any representation by Progressive. Citizens would not have been entitled to reconsideration if the trial court had considered its motion. The trial court's error was not decisive to this case, and we decline to reverse and remand.

For the reasons discussed above, we affirm. As the prevailing party, costs are awarded to Progressive against Citizens. MCR 7.219(A).

/s/ Matthew S. Ackerman
/s/ Mariam Saad Bazzi
/s/ Andrew J. Lievense